**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUMBERTO SANCHEZ HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, ET AL.,<br><br>Respondents. | Case No. 5:26-cv-01949-AJR<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE** |

**I.**

**INTRODUCTION**

On April 20, 2026, Petitioner Humberto Sanchez Hernandez ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his detention at the Adelanto ICE Processing Center in Adelanto, California. (Dkt. 1 at 2.) On April 27, 2026, Respondents Markwayne Mullin, Secretary, Department of Homeland Security ("DHS"), Todd Lyons, in his official capacity as Acting Director of Immigration and Customs Enforcement ("ICE"), Todd Blanche, Acting Attorney General, Andre Quinones, Director of the Los Angeles ICE Field Office,

and Fereti Semaia, Warden, Adelanto ICE Processing Center (collectively, "Respondents") filed an Answer to the Petition (the "Answer"). (Dkt. 101.) Also on April 27, 2026, Petitioner filed a Traverse to the Response (the "Traverse"). (Dkt. 11.)

The parties have consented to proceed before the undersigned U.S. Magistrate Judge for all purposes. (Dkts. 5, 8.) For the reasons set for the below, the Court GRANTS the Petition and orders Respondents to immediately release Petitioner from custody without conditions.

## II.

## FACTUAL BACKGROUND

The Court sets forth a summary of the relevant factual background based on the facts alleged in the Petition. Respondents had the opportunity to dispute the facts alleged in the Petition, but declined to do so. (Dkt. 10.) Accordingly, the facts alleged in the Petition are undisputed and have been conceded by Respondents. See C.D. Cal. L.R. 7-12.

Petitioner is resident of Montclair, California, where he lives with his family. (Dkt. 1 at 13.) Petitioner has resided in the United States for 26 years. (Id.) Petitioner has no criminal convictions, having only a 25-year-old dismissed marijuana charge and a traffic violation on his record. (Id.) Petitioner has three minor children who are U.S. citizens. (Id.) Petitioner pays taxes in this country. (Id.) Petitioner has strong family and community ties. (Id.) Petitioner is a crime victim who assisted law enforcement such that he believes he is eligible for a U visa, as well as cancellation or removal under 8 U.S.C. § 1229b(b). (Id.)

Petitioner was arrested by immigration authorities and placed in removal proceedings on February 15, 2026. (Id.) Petitioner is detained at the Adelanto ICE Processing Center and has been issued a Notice to Appear which alleges that he entered the United States without inspection or admission pursuant to 8 U.S.C. §

1182(a)(6)(A)(i).  (Id.)  Petitioner is pending removal proceedings and had a hearing scheduled for April 23, 2026.  (Id.)  On April 15, 2026, the Immigration Judge denied Petitioner's bond based on lack of jurisdiction pursuant to Matter of Yajure Hurtado, 29 I&N Dec. 216, 229 (BIA 2025).  (Id.)

### III.

### LEGAL STANDARD

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  See U.S. Const., amend. V.  There is no question that these protections extend to noncitizens present in the United States.  See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)).  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ."  Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990).  Indeed, the Due Process Clause provides both procedural and substantive protections.  See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)).  To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  See Rodriguez Diaz v. Garland, 53

F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)).  Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights."  Regino, 133 F.4th at 959-60.  Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest."  Reno v. Flores, 507 U.S. 292, 302 (1993).  By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests."  Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted).  To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest."  Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted).  With that careful description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed."  Khachatryan v. Blinken, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

# IV.

# ANALYSIS

As an initial matter, the parties agree that Petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), and amended and superseded on reconsideration, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  (Dkt. 1 at 2-3; Dkt. 10 at 2.)  On December 18, 2025, the court in Maldonado Bautista entered final judgment and granted declaratory relief to all members of the Bond Eligible Class.  See Bautista v. Santacruz, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Pursuant to the final judgment entered in Maldonado Bautista, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  Maldonado Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  On February 18, 2026, the court in Maldonado Bautista granted a motion to enforce the declaratory judgment and vacated Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedures Act.  See Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).

The declaratory judgment entered in Maldonado Bautista has "the force and effect of a final judgment or decree."  28 U.S.C. § 2201.  In other words, "a declaratory judgment is a real judgment, not just a bit of friendly advice."  Badger Cath., Inc. v. Walsh, 620 F.3d 775, 782 (7th Cir. 2010).  Thus, Respondents, as parties to Maldonado Bautista, are obligated to comply.  See, e.g., Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."); United

Aeronautical Corp. v. United States Air Force, 80 F.4th 1017, 1031 (9th Cir. 2023) ("But in suits against government officials and departments, we generally assume that they will comply with declaratory judgments.").  Respondents offer no excuse for their failure to comply with the final judgment in Maldonado Bautista, particularly in light of binding precedent from the Supreme Court requiring compliance with declaratory judgments.  See, e.g., Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata." (internal quotation marks omitted)); id. ("This form of relief conclusively resolves the legal rights *of the parties*." (internal quotation marks omitted)).

On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in Maldonado Bautista "insofar as [it] extends beyond the Central District of California" pending a ruling on the Government's motion for a stay pending appeal.  Maldonado Bautista v. Dep't of Homeland Sec., No. 26-1044, Dkt. 5 at 1 (9th Cir. Mar. 6, 2026).  Thus, the December 18, 2025 declaratory judgment remains effective and enforceable within the Central District of California.  However, the Ninth Circuit also administratively stayed the February 18, 2026 Order enforcing the declaratory judgment and vacating Matter of Yajure Hurtado, 29 I&N Dec. 216, 229 (BIA 2025).  Id. at 2; see also Maldonado Bautista v. Executive Office for Immigration Review, No. 26-1044, Dkt. 17.1 at 4 (9th Cir. March 31, 2026).

Accordingly, the Court concludes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2).  See Maldonado Bautista, 2025 WL 3678485, at *1.  Moreover, Petitioner is entitled to an individualized bond hearing.  See id.  However, the undisputed record shows that when Petitioner received a bond hearing on April 15, 2026, the Immigration Judge cited the Ninth Circuit's administrative stay and denied Petitioner's bond based on

6

lack of jurisdiction pursuant to Matter of Yajure Hurtado, 29 I&N Dec. 216, 229 (BIA 2025).  (Dkt. 1 at 13; Dkt. 1-1 at 12-13.)  This is contrary to Respondents' legal obligation to comply with the December 18, 2025 declaratory judgment in Maldonado Bautista and simply misunderstands the scope of the Ninth Circuit's administrative stay.  As set forth above, the December 18, 2025 declaratory judgment in Maldonado Bautista has not been stayed within the Central District of California.

Thus, the Court must now determine the appropriate remedy to vindicate Petitioner's statutory and constitutional rights.  The Court is mindful that "[i]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court."  E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (internal quotation marks omitted).  However, the undisputed facts here demonstrate that ordering another bond hearing that complies with the December 18, 2025 declaratory judgment in Maldonado Bautista would be futile.  In light of the very recent bond hearing where the Immigration failed to comply with the declaratory judgment by finding that it lacked jurisdiction, (Dkt. 1 at 13; Dkt. 1-1 at 12-13), the Court concludes that the outcome would be the same should the Court order the Immigration Judge to hold another bond hearing in compliance with the December 18, 2025 declaratory judgment.  See Kun v. Janecka, 2026 WL 931541, at *5 (C.D. Cal. Apr. 3, 2026) ("To the extent immigration judges consistently invoke Hurtado as governing authority to deny bond in analogous cases, the Court is inclined to agree with Petitioner that ordering a Bautista section 1226(a) bond hearing as a remedial measure would likely be futile."); Gonzalez Procopio v. Mullin, 2026 WL 1045658, at *3 (C.D. Cal. Apr. 13, 2026) (relying on fact that Immigration Judge had previously denied petitioner bond based on lack of jurisdiction to conclude that ordering another bond hearing would be futile).  Thus, the Court concludes that immediate release from custody is the only means to provide complete relief to

7

Petitioner for the violation of his statutory and constitutional rights.  See Kun v. Janecka, 2026 WL 931541, at *5; Gonzalez Procopio, 2026 WL 1045658, at *3.

The Court finds in the alternative that immediate release from custody is the appropriate remedy based on the violation of Petitioner's procedural due process rights.  Indeed, it is undisputed that Petitioner has resided in the United States for 26 years and was most recently a resident of Montclair, California, where he lived with his family.  (Dkt. 1 at 13.)  Petitioner has three minor children who are U.S. Citizens, pays taxes in this country, and has strong family and community ties.  (Id.)  Based on these undisputed facts, the Court concludes that Petitioner developed a substantial liberty interest in remaining out of custody based on the life he built in the United States living here for the past 26 years.  See, e.g., Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.").  This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]."  Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

Therefore, the Court concludes that Petitioner's arrest by immigration authorities on February 15, 2026, without a pre-deprivation hearing violated Petitioner's procedural due process rights.  See, e.g., J.A.E.M. v. Wofford, 812 F. Supp. 3d 1058, 1071 (E.D. Cal. 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained. The root requirement of the Due Process Clause is that an individual

8

be given an opportunity for a hearing *before* he is deprived of any significant protected interest." (internal quotation marks and brackets omitted)); Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026). Moreover, it is undisputed that Petitioner has not received a bond hearing since his arrest on January 22, 2206.  (Dkt. 1 at 3.)

Given this violation of Petitioner's due process rights, the Court further concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025).  The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted).  The last uncontested status here is Petitioner's release on his own recognizance.[1]  See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention.").  "Accordingly, Petitioner's release from custody is the appropriate remedy."  Id.; see Esmail v. Noem, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

Moreover, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  See, e.g., Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom. Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020)

---

[1] It is undisputed that Petitioner has no criminal convictions.  (Dkt. 1 at 13.)

("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)).  Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  See, e.g., Carballo v. Andrews, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

Finally, as to Petitioner's request for an award of attorneys' fees and costs, the Court will consider an application under the Equal Access to Justice Act requesting costs and reasonable attorneys' fees that is filed within 30 days of entry of final judgment in this action.  See Rahimi v. Semaia, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

**V.**

**CONCLUSION**

Based on the foregoing, the Court GRANTS the Petition as follows. Respondents shall immediately release Petitioner from custody without conditions. Respondents shall also immediately return any confiscated property and documents to Petitioner upon his release.  Respondents shall not re-detain Petitioner without providing at least seven (7) days' notice and a pre-deprivation bond hearing.  The pre-deprivation bond hearing shall occur before an Immigration Judge at which the Government bears the burden of proof to show by clear and convincing evidence

that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community. The Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard. Respondents shall file a notice of compliance within **twenty-four hours of the entry of Judgment**.

IT IS SO ORDERED.

DATED: April 28, 2026

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

11